UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **TARA FERGUSON and CATHY SILVA**,<br><br>  Plaintiffs,<br><br>  vs.<br><br>**CITY OF MODESTO, a municipal entity, ERIC SCHULLER, FELTON PAINE, ROBERT LAXTON, and MATTHEW MCMAHON, public employees, and DOES 1 to 25,**<br><br>  Defendants. | No. 1:11-CV-01326-LJO-BAM<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

### STIPULATION

Plaintiffs Tara Ferguson and Cathy Silva and Defendants City of Modesto, Eric Schuller, Felton Paine, Robert Laxton, and Matthew McMahon, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1. In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State law.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated

as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

   4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

    a. Parties to the action;

    b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    c. Court reporters employed in this action; and

    d. A witness at any deposition or proceedings in this action.

    e. Any other person as to whom the parties in writing agree.

   Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

   5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

   6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

   7. Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

   8. If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in court, such papers shall be labeled "<u>CONFIDENTIAL-SUBJECT TO COURT ORDER</u>" and <u>filed under seal</u> until further order of this court. Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said <u>sealed envelope</u>, a legend "CONFIDENTIAL-DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope

containing documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.

9. This Order shall be without prejudice to the right of the parties 1) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, each party shall return to the producing party all confidential materials and any and all copies thereof.

**SO STIPULATED.**

Dated: January 3, 2012                   Respectfully submitted,

                                         LAW OFFICE OF WADE & SILVERSTEIN

                                         By: /S/ AMIEL L. WADE
                                             AMIEL L. WADE, Esq.
                                             Attorneys for Plaintiff

Dated: January 3, 2012                   Respectfully submitted,

                                         SUSANA ALCALA WOOD
                                         City Attorney

<pre>
                                    By: /S/ JAMES F. WILSON
                                        JAMES F. WILSON
                                        Senior Deputy City Attorney
                                        Attorneys for Defendants
</pre>

### ORDER

In addition to the above Stipulation between the parties–which the Court adopts in its entirety–the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:   **March 2, 2012**         /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE