IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA FERGUSON, *et. al.*, | CASE NO. CV 11-01326 LJO BAM |
| Plaintiffs, | **ORDER ON MOTION TO WITHDRAW AS COUNSEL** |
| vs. | (Doc. 19) |
| CITY OF MODESTO, *et. al*, | |
| Defendants. | |

## INTRODUCTION

Pending before the Court is the Motion by attorney Amiel L. Wade and the Wade Law Group, to withdraw as counsel of record for plaintiffs Tara Ferguson and Cathy Silva. Defendants filed a statement of non-opposition to the Motion. The Motion was heard on April 27, 2012 at 9:00 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Amiel L. Wade appeared telephonically. Counsel James F. Wilson appeared telephonically on behalf of defendants. No other appearances were made. Having considered the moving papers, the proofs of service of the motion on plaintiffs (Doc. 23, 24), the arguments presented at the hearing, as well as the Court's file, the motion is GRANTED.

## DISCUSSION

Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or

1

addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 180(d).

California Rules of Professional Conduct, Rule 3-700(b) addresses withdrawal and states in pertinent part:

> "A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:
>
> (1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
>
> (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or

California Rule of Professional Conduct, Rule 3-700(c) states in pertinent part that an attorney may withdraw from representation if:

> The client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or… insists that the member pursue a course of conduct that is illegal orthat is prohibited under these rules or the State Bar Act, or… by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or… breaches an agreement or obligation to the member as to expenses or fees.
>
> The continued employment is likely to result in a violation of these rules of the State Bar…

*People v. Prince*, 268 Cal.App.2d 398, 403-404, 74 Cal.Rptr. 197, 202-203 (1968) (citations omitted); *see Manfredi & Levine v. Superior Court*, 66 Cal.App.4th 1128, 1133, 78 Cal.Rptr.2d 494, 497 (1998) ("The determination whether to grant or deny a motion to withdraw as counsel lies within a trial court's sound discretion."); *People v. Brown*, 203 Cal.App.3d 1335, 1340, 250 Cal.Rptr. 762 (1988).

The evidence establishes counsel has performed an investigation of the merits of the case and determined that counsel can no longer proceed in the representation. Counsel also states that plaintiffs are not abiding by their contractual arrangement with counsel. Counsel presents evidence that in light of this conduct, counsel has a duty to withdraw. Since trial is set for July 2013, and several months remain before the earliest discovery deadlines, plaintiffs have time to attempt to secure new counsel, or alternatively, may proceed in pro per.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Motion to Withdraw by Amiel L. Wade and the Wade Law Group is GRANTED.

2. The Clerk is directed to serve a copy of this Order at Plaintiffs' last known addresses as follows and which shall be used as the Plaintiffs' addresses of record:

CATHY SILVA
10091 Griffith St.
San Jose, CA 95128

TARA FERGUSON
11 Topeka Avenue
San Jose, CA 95128

IT IS SO ORDERED.

Dated:   April 27, 2012                    /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE