1

2

3

4

5

6

7               **IN THE UNITED STATES DISTRICT COURT**

8             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

TARA FERGUSON, *et. al.*,                    CASE NO. CV 11-01326  LJO BAM

10

                Plaintiffs,                  **ORDER ON DEFENDANTS' MOTION**
11                                           **FOR SANCTIONS**

12      vs.                                  (Doc. 27)

13   CITY OF MODESTO, *et. al*,

14              Defendants.
     _____/
15

16        Before the Court is Defendants' motion to sanction Plaintiffs Tara Ferguson and Cathy Silva

17   (collectively "Plaintiffs") for failing to appear for their depositions.  (Doc. 27).  The motion was

18   referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On July 13, 2012,

19   a hearing on the motion was held.  Counsel James Wilson appeared by telephone on behalf of

20   Defendants.  Plaintiffs, who are proceeding *pro se*, did not appear at the hearing.  aving considered

21   the moving papers, oral arguments, as well as the Court's file, Defendants' motion for sanctions, up

22   to and including terminating sanctions, is **DENIED**.

23                              **BACKGROUND**

24        Defendants seek sanctions up to and including dismissal because Plaintiffs failed to appear

25   for their depositions on May 23, 2012.

26        On March 10, 2012, Counsel Amiel L. Wade and the Wade Law Group moved to withdraw

27   as counsel of record for Plaintiffs.  (Doc. 18).  On April 27, 2012, the Court granted the motion to

28

                                        1

1    withdraw.    (Doc. 26).    Plaintiffs Ferguson and Silva have not retained new counsel and are

2    appearing in this matter *pro se*.

3        On April 30, 2012, Defendants served deposition notices on Plaintiffs by U.S. mail.  The

4    depositions were scheduled to take place on May 23, 2012,  at the Modesto City Attorney offices in

5    Modesto, California. (Doc. 28, Ex. A &B).  Prior to the deposition, Plaintiff Ferguson telephoned

6    defense counsel's office and left a message regarding the scheduled deposition.  Defense counsel

7    returned Plaintiff's call but was forced to leave a voicemail message.  A few days passed, and

8    defense counsel again tried to reach Plaintiff Ferguson about her deposition but her phone number

9    was no longer in service.  (*Id.*).

10       On May 23, 2012, neither Plaintiff appeared for the taking of her deposition.  Defense

11   counsel made a record of these events on the deposition transcripts. (Doc. 28, Ex. C&D).

12       On May 25, 2012, Defendants sent Plaintiffs a letter confirming Plaintiffs failure to  appear

13   at their noticed depositions.  (Doc. 28, Ex. E).  The letters requested that Plaintiffs contact defense

14   counsel as soon as possible to resolve the discovery dispute.  Plaintiffs were further informed that

15   if they failed to respond to the letter, Defendants would seek sanctions including dismissal of the

16   action.  To date, Plaintiffs have failed to respond to defense counsel's letters to meet and confer

17   regarding the deposition.

18       On June 13, 2012, Defendants filed the instant motion for sanctions.  (Doc. 27).  Plaintiffs

19   did not file a response or appear at the hearing.

20                                        **DISCUSSION**

21     A.    ***Terminating Sanctions***

22       Federal Rule of Civil Procedure 37 permits the court to impose sanctions—including

23   dismissal—on a party that fails to attend a properly noticed deposition. FED. R. CIV. P. 37(d).

24   Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to

25   justify terminating sanctions. *U.S. for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.,*

26   857 F.2d 600, 605 (9th Cir. 1988).  In addition, the "harsh sanction" of dismissal, even for "a party's

27   repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness,

28

bad faith, or fault of the party." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997).

Before a Court dismisses a complaint, it must consider:

(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Hyde v. Drath & Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

In weighing these factors, the Court concludes that dismissal of Plaintiffs' complaint is not appropriate at this juncture. First, the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket do not yet weigh heavily in favor of dismissal. This case has been pending for less than a year, and it is still proceeding in accordance with the Court's initial scheduling order. (Doc. 13). The parties have until next year to complete discovery, no deadlines have been missed, and no requests for extensions of time have been filed. Next, the risk of prejudice to Defendants is low, in that, additional burdens related to the missed depositions have been minimal. Plaintiffs have missed one noticed deposition and their failure to attend has not yet hampered the speedy resolution of this case. This failure to appear can be remedied by a Court order compelling Plaintiffs to appear for their depositions.

Finally, based on the specific circumstances involving these Plaintiffs, the Court is unpersuaded that the ultimate sanction of dismissal is warranted here. Plaintiffs' previous counsel withdrew from this case a mere three days before the depositions were noticed. Mindful that Plaintiffs are not attorneys and not well versed in the law, the Court cannot find that Plaintiffs acted in bad faith or willful non-compliance in failing to attend. While the Court does not condone Plaintiffs' conduct, and some form of sanction may be appropriate at a later date, Defendants have not demonstrated the "extreme circumstances" necessary to justify dismissal. *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances").

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows

1.     Defendants' request for terminating sanctions against Plaintiffs is **DENIED.**

1   **2.**   Plaintiffs are ordered to APPEAR for the taking of their depositions within 45 days

2   of the service of this order at a date, time and location designated by Defense

3   counsel.  Defendants shall serve Plaintiffs with deposition notices outlining the date,

4   time, and location of the depositions within 10 days of the scheduled deposition.

5   **3.**   Plaintiffs are **ADMONISHED** that failure to appear at their depositions as requested

6   by Defendants in good faith, may result in dismissal with prejudice of their claims.

7
IT IS SO ORDERED.

8
**Dated:**   **July 13, 2012**                          /s/ **Barbara A. McAuliffe**
9                                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4